# IN THE COURT OF APPEALS OF IOWA

No. 22-1638
Filed December 7, 2022

**IN THE INTEREST OF V.H.,**
**Minor Child,**

**M.H., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Pocahontas County, Joseph B. McCarville, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Gregory H. Stoebe, Humboldt, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Ryan Buske, Algona, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A father appeals the termination of his parental rights to his child.[1]  He challenges the grounds for termination and contends the juvenile court's failure to ensure his in-person participation at the termination hearing violated his right to due process.  Because the grounds for termination were met and the father was afforded due process, we affirm.

The child was adjudicated in need of assistance (CINA) after testing positive for amphetamine and methamphetamine at birth in April 2020.  The father was incarcerated when the child was born but was released in December 2020.  He was incarcerated again from October 2021 through the time of termination.

The father's performance while unincarcerated is telling.  During those ten months, he used methamphetamine, failed to maintain employment or housing, and missed many of his visits with the child.  He did not complete substance-abuse treatment, failed to engage in mental-health treatment, and was arrested multiple times.  In September 2021, the father had a fight with the mother after arriving late to a visit, which the child witnessed.  The father yelled and screamed at the mother, backed his car into her several times, grabbed her arms in a tight grip, and tried to pull her to the ground.

The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(e) and (h) (2021).  We need only find sufficient evidence supporting one of the grounds cited by the juvenile court to affirm.  *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  The court can terminate parental rights under

---

[1] The mother consented to termination of her parental rights and does not appeal.

section 232.116(1)(h) if the child cannot be returned to the parent after a period of removal. Because the father's incarceration prevented him from caring for the child at the time of termination, that ground is met. The father argues that he will be released from prison soon and the child can remain safe in foster care until then. But his claim that he is "ready and capable" to care for the child when released is undercut by his poor performance during the CINA proceedings. *See In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) ("Case history records are entitled to much probative force when a parent's record is being examined."). We affirm the termination under section 232.116(1)(h).

The father challenges the juvenile court's decision to conduct the termination hearing without his in-person presence. Although the father was present the first day of the hearing, he attended the second and third days telephonically while his attorney appeared in person. He argues the procedure violated his due process rights.

No parent has an absolute right to attend termination proceedings in person. *In re A.B.*, 956 N.W.2d 162, 170 (Iowa 2021). The type of process afforded depends on the circumstances. *See id.* (finding that the juvenile court's decision to hold a telephonic termination hearing during the COVID-19 pandemic was a proper exercise of its discretion). For incarcerated parents, the juvenile court must give "the opportunity to participate from the prison facility in the entire termination hearing by telephone or other similar means of communication that enables the parent to hear the testimony and arguments at the hearing." *In re M.D.*, 921 N.W.2d 229, 236 (Iowa 2018).

The juvenile court satisfied due process requirements. The father was allowed to attend the entire termination hearing either in person or telephonically. The record shows the father had trouble hearing on the telephone at times, but he made the court and attorneys aware of his issues. The court attempted to remedy the situation before continuing the hearing. The father presented his testimony telephonically and consulted his attorney, who attended the hearing in person. Because the father was afforded due process, we affirm.

**AFFIRMED.**